UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION

CIVIL ACTION NO: 1:04CV-138-M

LILYELLEN PEGOURIE,
**Executrix of the Estate of CELESTE LEQUIRE**
**and**
**NORMA LEQUIRE,**
**Conservator of the Estate of CALEB LEQUIRE**
**and**
**TENNESSEE FARMERS MUTUAL**
**INSURANCE COMPANY**                                                 PLAINTIFFS

V.

WERNER ENTERPRISES, INC.
**and**
**ROBERT TURNER**
**and**
**CRAIG LEQUIRE**                                                          DEFENDANTS

MEMORANDUM OPINION AND ORDER

This matter is before the Court on a motion by Intervening Plaintiff, Norma LeQuire,

as Conservator of the estate of Caleb LeQuire, asking the Court to remand this case to the

Hart Circuit Court [DN 35]. Craig LeQuire, through one set of counsel, also seeks a remand

of this case to the Hart Circuit Court [DN 47]. Through another set of counsel, Craig

LeQuire opposes remand of this case to the Hart Circuit Court. Norma LeQuire moves to

strike Craig LeQuire's response opposing her Motion to Remand [DN 50]. For the following

reasons, both Motions to Remand are **DENIED**. Norma LeQuire's Motion to Strike is

likewise **DENIED**.

## I. STANDARD OF REVIEW

Generally, any civil action brought in state court over which the federal courts have original jurisdiction may be removed by a defendant to the federal district court for the district and division "embracing the place where such action is pending." 28 U.S.C. § 1441(a). The party seeking removal carries the burden of establishing the district court has original jurisdiction over the matter. Long v. Bando Mfg. of Am., Inc., 201 F.3d 754, 757 (6th Cir. 2000). Removal petitions are strictly construed, with all doubts resolved against removal. Her Majesty the Queen in Right of the Province of Ontario v. City of Detroit, 874 F.2d 332, 339 (6th Cir. 1989).

## II. BACKGROUND

This case arises out of an automobile accident that occurred on March 30, 2004 on I-65 in Hart County, Kentucky.  Craig LeQuire (Craig) and his wife, Celeste Lequire (Celeste), were traveling on I-65 southbound on their way to Mammoth Cave when Craig's vehicle struck the rear of a tractor-trailer parked on the side of the interstate.  Celeste died almost immediately, and Craig was severely injured. Craig's and Celeste's only child, Caleb, was not in the vehicle.  At the time of the accident, Craig, Celeste, and Caleb were residents of Kentucky.  Shortly after the accident and prior to filing of this action, Craig and Caleb moved to Tennessee.

After the accident, Celeste's mother, Lilyellen Pegourie (Pegourie), a Kentucky resident, filed a wrongful death action in Hart Circuit Court, naming as Defendants Craig, Werner Enterprises, Inc. (Werner), and Robert Turner (Turner), the driver of Werner's

tractor-trailer which Craig struck. Werner is a Nebraska domiciliary and Turner is an Indiana domiciliary. Werner removed the case to federal court on the basis of diversity jurisdiction. Werner and Turner have also filed a cross-claim against Craig, and Craig has likewise filed a cross-claim against them. Werner also, noting that the surviving minor child of the deceased was a potential claimant, filed a motion pursuant to F.R.C.P. 19 to join the Estate of Caleb LeQuire as an "indispensable party" to this action. Caleb did not object to Werner's motion, and the Court joined Caleb as a party plaintiff.

Craig then moved to add Tennessee Farmers, his automobile insurer at the time of the accident, as an "indispensable party" under F.R.C.P. 19. No party objected to Craig's motion. The Court granted Craig's motion and added Tennessee Farmers as a party Plaintiff. On June 6, 2005, the Intervening Plaintiff, Norma LeQuire, moved to remand this action on the basis that the Court lacked subject matter jurisdiction due to the inclusion of the new, non-diverse parties. Subsequently, counsel representing Craig on the claims asserted against him by Pegourie filed a response opposing Norma's motion to remand. Different counsel representing Craig on his cross-claim against Werner and Turner, however, filed a motion seeking a remand to Hart Circuit Court. Norma then filed a motion to strike the response of Craig's counsel opposing remand.

### III. DISCUSSION

In her motion, Norma LeQuire moves the Court to remand this case for three reasons. First, Norma contends that as the executrix is a nominal Plaintiff, the Court should look not to her domicile but rather to the domicile of the beneficiaries. Second, Norma argues that

the addition of Caleb destroyed diversity.  Finally, Norma contends that the addition of

Tennessee Farmers destroyed diversity.  Werner responded to Norma's motion arguing that

remand was not appropriate.  The Court will address the issues raised by Norma in her

motions, and, in so doing, will also consider the matters raised by Craig and Werner.

### A. Celeste's Domicile

Norma contends that the executrix is a nominal party and the Court should look to the

domicile of the beneficiaries–Craig and Caleb–as the true parties in interest.  Defendant

Werner contends that as Celeste was a citizen of Kentucky at the time of her death, Kentucky

is her domicile for purposes of this lawsuit based on the express language of 28 U.S.C. §

1332(c)(2).

KRS 411.130 mandates that all actions for wrongful death be maintained by the

personal representative of the deceased.  The right of action for wrongful death is in the

personal representative exclusively.  Southeastern Kentucky. Baptist Hosp. v. Gaylor, 756

S.W.2d 467, 470 (Ky. 1988).  28 U.S.C. § 1332(c)(2) provides in pertinent part: "the legal

representative of the estate of a decedent shall be deemed to be a citizen only of the same

State as the decedent."

The Court rejects Norma's contention that the domicile of beneficiaries Craig and

Caleb is controlling.  Under Kentucky law, the right of action for wrongful death is

exclusively vested in Pegourie, and § 1332 provides that her citizenship is the same as

Celeste's citizenship.  At the time of her death, Celeste was a Kentucky citizen.  Thus,

Plaintiff Pegourie is diverse from all Defendants in this case.

**B. Joinder of Caleb and Tennessee Farmers**

Norma argues that diversity is destroyed by joining Caleb, whom she contends is a Tennessee domiciliary, as a party to this lawsuit. Werner contends that Caleb's domicile was Kentucky at the time of his mother's death and that domicile controls because the Conservator was appointed by a Jefferson County Court. In a diversity case, the jurisdiction of the federal court must be determined by the citizenship of the guardian rather than by the citizenship of the ward. Brimhal v. Simmons, 338 F.2d 702, 705-06 (6th Cir. 1964). Neither party disputes that Norma has been a citizen of Tennessee at all relevant times during this litigation. Therefore, Caleb is a Tennessee domiciliary for purposes of diversity. Further, the Court has been unable to locate any authority for Werner's argument, and Werner cites no such authority.

Both Caleb and Tennessee Farmers are Tennessee domiciliaries for purposes of diversity, thus, diversity was destroyed as a result of their joinder in this action as Plaintiffs. F.R.C.P. 21 provides that "[m]isjoinder of parties is not ground for dismissal of an action. Parties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just." F.R.C.P. 21 governs situations in which F.R.C.P. 19 has been violated. United States v. Commercial Bank of North America, 31 F.R.D. 133, 135 (S.D.N.Y. 1962). Under F.R.C.P. 21, the district court has the discretion to retain its diversity jurisdiction by dropping the non-diverse parties, provided they are not indispensable to the suit under F.R.C.P. 19. Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826, 832 (1989). See also Maritan v. Birmingham Properties, 875

F.2d 1451, 1459 (10th Cir. 1989) (district courts are always free to reconsider interlocutory rulings).  Therefore, the Court can restore diversity by dismissing Caleb and Tennessee Farmers pursuant to F.R.C.P. 21 provided they are not indispensable parties.

"A person or entity 'is only indispensable, within the meaning of Rule 19, if (1) it is necessary, (2) if joinder of the necessary person or entity will deprive the court of subject matter jurisdiction, and (3) the court determines that it will dismiss the pending case rather than proceed in the case without the absentee.'" Glancy v. Taubman Centers, Inc., 373 F.3d 656, 666 (6th Cir. 2004) (quoting 4 Moore's Federal Practice § 19.02[3][c], at 19-22). Though the parties concentrate on the four-factor test enumerated in F.R.C.P. 19(b), a party can only be termed indispensable if it can first be termed necessary.  Under F.R.C.P. 19(a), a person is necessary, and where feasible should be joined, if:

> (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest.

Furthermore, F.R.C.P. 19(a)(2)(ii) "does not protect against multiple litigation of issues arising out of the same event.  Rather, it protects against multiple or inconsistent obligations arising from incomplete adjudication."  S&S Mach. Corp. v. General Motors Corp., No. 93 Civ. 3237 (CSH), 1994 U.S. Dist. LEXIS 13677, at *17 (S.D.N.Y. Sept. 28, 1994).

Caleb does not qualify as a necessary party under any of these rationales.  In Caleb's absence, the Court would face no obstacle in according complete relief among those already

parties.  As to F.R.C.P. 19(a)(2)(i), disposition of this action in Caleb's absence would not impede his ability to protect his interest.  Caleb has until his eighteenth birthday to pursue a claim arising out of this action.  Finally, under F.R.C.P. 19(a)(2)(ii) it is irrelevant that Werner may face a suit from Celeste in federal court and a subsequent suit by Caleb in state court. Thus, the Court has no occasion to engage in a F.R.C.P. 19(b) analysis.  Even if the Court were to do so, it could not conclude that Caleb is indispensable to this litigation.

For the same reasons, Tennessee Farmers is likewise neither a necessary nor an indispensable party under F.R.C.P. 19. Complete relief can be accorded among those already parties without the presence of Tennessee Farmers.  Proceeding in Tennessee Farmers' absence would not impair or impede its ability to protect its interest nor would it leave any persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations.  As the Court has found Caleb and Tennessee Farmers to be dispensable parties, the appropriate remedy is to drop them as plaintiffs from the suit pursuant to F.R.C.P. 21.

## IV. CONCLUSION

For the foregoing reasons, the Motions to Remand brought by Norma LeQuire [DN 35] and Craig LeQuire [DN 47] are **DENIED**.  Norma LeQuire's Motion to Strike [DN 50] is likewise **DENIED.**

cc: counsel of record
04cv-138Pegourie