## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## BOWLING GREEN DIVISION

**CIVIL ACTION NO: 1:04CV-138-M**

**LILYELLEN PEGOURIE,**
**Executrix of the Estate of CELESTE LEQUIRE**
**and**
**NORMA LEQUIRE,**
**Conservator of the Estate of CALEB LEQUIRE**                **PLAINTIFFS**

**V.**

**WERNER ENTERPRISES, INC.,**
**ROBERT TURNER**                                              **DEFENDANTS**
**and**
**CRAIG LEQUIRE**                        **DEFENDANTS/CROSS CLAIMANT**

**V.**

**WERNER ENTERPRISES, INC.,**
**ROBERT TURNER, and**
**TENNESSEE FARMERS MUTUAL**
**INSURANCE COMPANY**                                         **DEFENDANTS**


### MEMORANDUM OPINION AND ORDER

This matter is before the Court on cross-motions for summary judgment by Plaintiff, Lilyellen Pegourie [DN 78], Defendant/Cross Claimant, Craig LeQuire [DN 76], and Defendant, Tennessee Farmers Mutual Insurance Company [DN 82]. Fully briefed, this matter stands ripe for decision. For the following reasons, the motions for summary judgment by Lilyellen Pegourie and Craig LeQuire are **DENIED**, and the motion for summary judgment by Tennessee Farmers Mutual Insurance Company is **GRANTED**.

-1-

# I. BACKGROUND

This case arises out of an automobile accident that occurred on March 30, 2004 on I-65 in Hart County, Kentucky. Craig LeQuire (LeQuire) and his wife, Celeste Lequire (Celeste), were traveling on I-65 southbound on their way to Mammoth Cave when their vehicle struck the rear of a tractor-trailer parked on the side of the interstate. Celeste died almost immediately, and Craig LeQuire was severely injured. Their only child, Caleb, was not in the vehicle. At the time of the accident, the LeQuires were residing in Kentucky.

After the accident, Celeste's mother, Lilyellen Pegourie (Pegourie), a Kentucky resident, filed a wrongful death action in Hart Circuit Court, naming as Defendants LeQuire, Werner Enterprises, Inc. (Werner), and Robert Turner (Turner), the driver of Werner's tractor-trailer which LeQuire struck. Werner is a Nebraska domiciliary and Turner is an Indiana domiciliary. Werner removed the case to federal court on the basis of diversity jurisdiction. Werner and Turner have also filed a cross-claim against LeQuire, and LeQuire has likewise filed a cross-claim against them. Caleb LeQuire and Tennessee Farmers Insurance Company ("Tennessee Farmers"), Craig LeQuire's automobile insurer, were also joined as indispensable parties, and LeQuire later filed a third-party complaint against Tennessee Farmers. The Court, however, dismissed Caleb LeQuire and Tennessee Farmers because they were not indispensable parties and because their inclusion had destroyed diversity. Pegourie then filed an amended Complaint in which she listed Tennessee Farmers as a Defendant. Tennessee Farmers sought dismissal of that Complaint, but the Court concluded that it had jurisdiction.

Pegourie, LeQuire, and Tennessee Farmers then filed for summary judgment.  In conjunction with Tennessee Farmers' motion, Sam McDaniel ("McDaniel"), the Vice President of Underwriting for automobile insurance policies issued by Tennessee Farmers, also submitted an affidavit in which he states that Tennessee Farmers issues automobile policies only in the State of Tennessee, that Tennessee Farmers does not insure vehicles which are principally garaged in other states, and that Tennessee Farmers does business only in the state of Tennessee and has never qualified to do business in the Commonwealth of Kentucky.

## II. STANDARD OF REVIEW

In order to grant a motion for summary judgment, the Court must find that the pleadings, together with the depositions, interrogatories, and affidavits, establish that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56.  The moving party bears the initial burden of specifying the basis for its motion and of identifying that portion of the record which demonstrates the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  Once the moving party satisfies this burden, the non-moving party thereafter must produce specific facts demonstrating a genuine issue of fact for trial.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986).

Although the Court must review the evidence in the light most favorable to the non-moving party, the non-moving party is required to do more than simply show there is some "metaphysical doubt as to the material facts."  Matsushita Elec. Indus. Co. v. Zenith Radio

<u>Co.</u>, 475 U.S. 574, 586 (1986).  The Rule requires the non-moving party to present "specific facts showing there is a genuine issue for trial."  Fed. R. Civ. P. 56(e) (emphasis added). "The mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-moving party]."  <u>Anderson</u>, 477 U.S. at 252.

### III. DISCUSSION

The parties raise a number of issues in their respective motions for summary judgment, including both subject matter and personal jurisdiction, choice of law, and the applicability of a "household exclusion" clause.  As to the issue of personal jurisdiction, Tennessee Farmers argues that the Court lacks personal jurisdiction over it as it has insufficient contacts with Kentucky.  LeQuire contends that personal jurisdiction is present in this case of a liability claim by a third party who resides in Kentucky.  The Court finds that it lacks personal jurisdiction over Tennessee Farmers, and, thus, it need not reach any other issues raised by the parties.

"Whether or not personal jurisdiction is established in any instance depends upon the facts and circumstances of each particular case."  <u>Info-Med v. Nat'l Healthcare, Inc.</u>, 669 F. Supp. 793, 796 (W.D. Ky. 1987).  In determining whether the exercise of personal jurisdiction over a nonresident defendant is authorized, a federal district court must first apply the law of the forum state. <u>Clay v. Hopperton Nursery, Inc.</u>, 533 F. Supp. 476, 478 (E.D. Ky. 1982).   If the state long-arm statute would permit the exercise of personal jurisdiction over the nonresident defendant, the court must examine whether the exercise of

-4-

jurisdiction is consistent with the Due Process Clause of the United States Constitution.  Id.
Where the state legislature has authorized state courts to reach the full constitutional limits
in pursuing a nonresident defendant, these two inquiries become one.  Id.

In Kentucky, the reach of the long-arm statute and considerations of due process are
conflated as "the long-arm statute within this jurisdiction allows Kentucky courts to reach
to the full constitutional limits of due process in entertaining jurisdiction over non-resident
defendants."  Wilson v. Case, 85 S.W.3d 589, 592 (Ky. 2002).  Thus, the Court need only
consider whether jurisdiction is proper under the Fourteenth Amendment.  Nat'l Grange Mut.
Ins. Co. v. White, 83 S.W.3d 530, 533-34 (Ky. 2002); see also Tobin v. Astra Pharmaceutical
Products, Inc., 993 F.2d 528, 541 (6th Cir.), cert. denied, 510 U.S. 914 (1993) (recognizing
that the Kentucky long-arm statute has been understood to reach the full constitutional limits
in entertaining jurisdiction over non-resident defendants).

"The relevant inquiry is whether the facts of the case demonstrate that the nonresident
defendant possesses such minimum contacts with the forum state that the exercise of
jurisdiction would comport with 'traditional notions of fair play and substantial justice.'"
Theunissen, 935 F.2d 1454, 1459 (6th Cir. 1991) (quoting Int'l Shoe Co. v. State of
Washington, 326 U.S. 310, 316 (1945)).  Depending on the type of contacts with the forum,
personal jurisdiction may be either general or specific.  General jurisdiction exists upon a
showing that the defendant has "continuous and systematic contacts with the forum state
sufficient to justify the state's exercise of judicial power with respect to any and all claims
the plaintiff may have against the defendant."  Kerry Steel, Inc. v. Paragon Industries, Inc.,

106 F.3d 147, 149 (6th Cir. 1997).  Specific jurisdiction is exercised over a defendant in a suit arising out of or related to the defendant's contacts with the forum.  Id.; Helicopteros Nacionales de Columbia, S.A. v. Hall, 466 U.S. 408, 414-415 & nn. 8-10 (1984).  The Plaintiffs here do not contend that the Court has general jurisdiction over the Defendants.  Instead, Plaintiffs submit that Defendants' specific activities directed toward the forum state place the Defendants within the personal jurisdiction of the Court.

The Sixth Circuit has identified three criteria for determining whether specific in personam jurisdiction may be exercised.

> First, the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state.  Second, the cause of action must arise from the defendant's activities there.  Finally, the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable.

Southern Mach. Co. v. Mohasco Indus., Inc., 401 F.2d 374, 381 (6th Cir. 1968).  See also Theunissen, 930 F.2d at 1460; Franklin Roofing, Inc. v. Eagle Roofing and Sheet Metal, Inc., 61 S.W. 3d 239, 240 (Ky. Ct. App. 2001).

In order to determine whether personal jurisdiction over the Defendants would be appropriate in this forum, the Court must examine their contacts in terms of the three criteria outlined in Mohasco.  "The three prong test is intended to be a framework for analysis and is not susceptible to mechanical application."  Info-Med, 669 F.Supp. at 796 (citing Welsh v. Gibbs, 631 F.2d 436, 440 (6th Cir. 1980)).  "Furthermore, the first and second prongs may be considered as one due to their inter-relatedness."  Id.  These prongs may be satisfied if a

-6-

substantial business contract is present.  Id.

Jurisdiction is proper under the purposeful availment requirement where the contacts proximately result from actions by the defendant himself that create a 'substantial connection' with the forum state.  Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475 (1985).   Moreover, the defendant's conduct and connection with the forum must be of a character that he or she should reasonably anticipate being haled into court there.  Id. at 474. This purposeful availment requirement ensures that a defendant will not be haled into a jurisdiction solely as a result of "random," "fortuitous," or "attenuated" contacts.  Id. at 475.

"A defendant may be said to have purposefully availed himself of the benefits of the forum state if he has either 'deliberately' engaged in significant activities within a state or created 'continuing obligations' between himself and the citizens of a forum."  Info-Med, 669 F. Supp. at 796 (quoting Burger King, 471 U.S. at 475-476.).  The unilateral activity of someone other than a defendant cannot satisfy the requirement of contact with the forum state.  Hanson v. Denckla, 357 U.S. 235, 253 (1958).  By contrast, "parties who 'reach out beyond one state and create continuing relationships and obligations with citizens of another state' are subject to regulation and sanctions in the other State for the consequences of their activities.'"  LAK, Inc. v. Deer Creek Enterprises, 885 F.2d 1293, 1300 (6th Cir. 1989) (quoting Burger King, 471 U.S. at 473 ). "[J]urisdiction may not be avoided merely because the defendant did not physically enter the forum state, so long as a commercial actor's efforts are purposefully directed toward residents of another state." Info-Med, 669 F. Supp. at 796. "It is an inescapable fact of modern commercial life that a substantial amount of business is

-7-

transacted solely by mail and wire communications across state [and national] lines, thus obviating the need for physical presence within a State when business is conducted." Id.

In a remarkably similar case to the case at bar, the Kentucky Supreme Court in Nat'l Grange Mut. Ins. Co. v. White, 83 S.W.3d 530, 534-35, applied the test for personal jurisdiction and concluded that a New York insurance company was not subject to personal jurisdiction in Kentucky. In White, the appellee purchased an insurance policy in New York, moved to Kentucky, and attempted to collect after her husband was killed in an accident. Id. at 532. Significantly, the policy was bought and paid for in New York, the appellants conducted no business in Kentucky, and the appellants did not advertise in Kentucky. Id. at 534-35. Before reaching the question of personal jurisdiction, the court noted that KRS 304.11-040 was not a jurisdictional statute and concluded that "it is only after due process and our Long Arm statute have conferred jurisdiction over a party that KRS 304.11-040 may be applied. Id. at 533. In another case, the Kentucky Court of Appeals actually considered the constitutionality of personal jurisdiction over Tennessee Farmers. Tennessee Farmers Mut. Ins. Co. v. Harris, 833 S.W.2d 850 (Ky. Ct. App. 1992). In that case, the concluded, "the insurance policy sued upon was written and delivered in Tennessee,...[the] appellant does not write coverage in Kentucky, and indeed, has not sought or been granted a certificate of authority to do business in Kentucky. Id. at 852.

Based on the affidavit of McDaniel, and the lack of any evidence disputing his assertion that Tennessee Farmers does business only in Tennessee, the Court finds that it lacks personal jurisdiction over Tennessee Farmers in this matter. Much like the insurance

company in White, Tennessee Farmers sold its policy to LeQuire in Tennessee, conducted no business outside of Tennessee, and did not advertise outside of Tennessee. Tennessee Farmers' sole contact with Kentucky was the result of the unilateral movement of LeQuire to Kentucky. This is insufficient under Hanson. The three criteria for establishing personal jurisdiction are not met on these facts.

Pegourie argues that the Court has jurisdiction "based upon diversity of citizenship and the right of a party to invoke the jurisdiction of the federal court pursuant to 28 U.S.C. § 1332." But whether or not parties are diverse falls under the question of subject matter jurisdiction, which is a separate question from personal jurisdiction. A court must have both subject matter jurisdiction and personal jurisdiction to hear a case. Pegourie also contends that the court has personal jurisdiction pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201. The Federal Declaratory Judgment Act, though, does not provide a basis for the Court to determine a case where it does not first have personal jurisdiction:

> "While relief under [the Federal Declaratory Judgment Act] is a matter committed to the discretion of the court, this discretion may not be exercised until the court first determines whether the action is properly before it. Where objections based upon personal jurisdiction or venue have been raised, these issues must be resolved before reaching any questions of the exercise of discretion."

Kmart Corp. v. Key Indus., 877 F. Supp. 1048, 1050-51 (E.D. Mich. 1994) (quoting Consol. Rail Corp. v. Grand Trunk Western R. Co., 592 F. Supp. 562 (E.D. Pa. 1984).

LeQuire's argument that Tennessee Farmers has adequate contacts for the Court to have jurisdiction over it is unavailing in light of White and Harris. LeQuire also argues at

length that this case is distinguishable from <u>White</u> and <u>Harris</u> because those cases dealt with claims regarding underinsured motorists benefits whereas this case concerns a liability claim. That is a distinction without a difference.[1]  Personal jurisdiction is a threshold issue that must be determined before the Court reaches other issues of a case.  Nowhere in <u>White</u> and <u>Harris</u> is there a suggestion that the type of insurance coverage is relevant in determining personal jurisdiction; rather, the inquiry was whether Kentucky had personal jurisdiction pursuant to the aforementioned three-part test.   In <u>White</u>, the Kentucky Supreme Court also noted that KRS 304.11-040, which defines the procedures for service of process on unauthorized insurers in Kentucky, does not confer jurisdiction on Kentucky courts.  83 S.W.3d at 532-33. The Court understands that, in rare cases, an injured party in Kentucky may have to file a suit out-of-state, but the requirement of personal jurisdiction ensures that an entity lacking minimum contacts with Kentucky will not have to defend a claim here.

---

[1]LeQuire also cites KRS 304.39-060 of the MVRA, which states that, "Any person who registers, operates, maintains or uses a motor vehicle on the public roadways of this Commonwealth shall, as a condition of such registration, operation, maintenance or use of such motor vehicle and use of the public roadways, be deemed to have accepted the provisions of this subtitle, and in particular those provisions which are contained in this section."  In the Court's view, this statute cannot be read to confer jurisdiction in Kentucky courts over a non-resident insurer who has no contacts with Kentucky other than the unilateral actions of its insured.

## IV. CONCLUSION

For the foregoing reasons, the motions for summary judgment by Lilyellen Pegourie

[DN 78] and Craig LeQuire [DN 76] are **DENIED**, and the motion for summary judgment

by Tennessee Farmers Mutual Insurance Company [DN 82] is **GRANTED**.

Copies to: Counsel of record
04cv-138Pegourie(3)